LILLIAN M. ABBOTT ET AL. *vs.* IDA M. CLARK.

Lincoln.    Opinion December 11, 1924.

*In a real action the plaintiff must recover, if at all, on the strength of his own title.*

In this case the defendant pleaded an equitable defense under R. S., Chap. 87, Secs. 15-22, claiming that the deed was in fact an equitable mortgage, given as security for the purchase price of oxen, and that the mortgage had been fully paid.

Two issues of fact were framed for the jury, and they found specially, sustaining the contentions of the defendant. Thereupon the presiding Justice filed a decree affirming the special findings and ordering the plaintiffs to execute a release to the defendant.

The findings, which were merely advisory, were supported by sufficient evidence to warrant the decree.

On appeal and exceptions by plaintiff.    A real action for the recovery of land in Somerville.    As a defense defendant alleged that the deed under which the plaintiffs claimed was an equitable mortgage, and that the debt thereby secured had been paid.    The jury by special findings sustained the defense and a decree affirming the findings was entered from which decree plaintiffs appealed.    Exceptions were also taken to the admission of certain documentary evidence, but not considered.    Appeal dismissed.    Decree of sitting Justice affirmed with costs.

The case is stated in the opinion.

*Harold R. Smith,* for plaintiffs.

*Cyrus R. Tupper,* for defendant.

SITTING:   CORNISH, C. J., PHILBROOK, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J.   This is a real action for the recovery of certain land situated in the town of Somerville.   The plaintiffs' title rests upon a warranty deed of the premises given by Isaac M. Clark to S. C. Kennedy dated November 24, 1894, and recorded March 5, 1895.   The plaintiffs are the heirs at law of said Kennedy.   The defendant, who is the widow of Isaac M. Clark, set up a two-fold defense.   She pleaded the general issue with a brief statement in

which she alleged an equitable defense under R. S., Chap. 87, Secs. 15-22, namely, that the deed above referred to was in fact an equitable mortgage, having been given merely as security for the purchase price of oxen bought by Clark from Kennedy and that the mortgage had been fully paid.    Thereupon two issues of fact were framed for the jury, viz.:

"1—Was the warranty deed from Isaac M. Clark to Sebra C. Kennedy, dated November 24, 1894, given for security?"

"2—If said warranty deed was given for security has the debt secured thereby been paid?"

The jury returned an affirmative answer to each question and the presiding Justice thereupon made and filed a decree affirming the special findings and ordering the plaintiffs to make, execute and deliver to the defendant a quit-claim deed of the premises.    From this decree the plaintiffs took an appeal.

The other defense set up by the defendant in her pleadings was that of adverse possession, under certain tax deeds, but this defense need not be considered as the rights of the parties can be fully determined by the result of the issues under the equitable defense.

The special findings in this case were merely advisory to the court, as in all equity proceedings, and the duty then devolved upon the court to affirm them and incorporate them in his findings or to reject them.    In this case the court approved and affirmed them and they must stand unless they are so manifestly and glaringly wrong under the testimony and the circumstances preceding and succeeding the transaction as to require this court to reverse them.    The testimony is somewhat meagre, as might be expected when the transaction occurred thirty years ago and both parties to it have been removed by death.    Enough, however, remains to justify both findings and therefore to warrant the decree.    The continued possession of Mr. Clark, who died in 1919, and of the defendant since his decease, and the absence of any claim on the part of Mr. Kennedy who lived until February, 1920, add great force to the equitable claims.

The plaintiffs must recover if at all on the strength of their own title, and in this they have failed.

*Appeal dismissed.*
*Decree of sitting Justice*
*affirmed with costs.*